EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Donna J. Lock**
**501 Washington Street**
**Apt. #419**
**Lynn, MA 01901**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

| | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **523-2016-00915** | **Amon L. Kinsey, Jr.,** **Supervisory Investigator** | **(617) 565-3189** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Feng An, Kenneth*

**Feng K. An,**
**Area Office Director**

JUL 2 2 2019

*(Date Mailed)*

Enclosures(s)

cc: **Valerie S. Reece**
**Associate General Counsel**
**Keolis Commuter Services, LLC**
**470 Atlantic Avenue**
**Boston, MA 02210**

**FEDERAL QUESTION**

## COMPLAINT FOR A CIVIL CASE

### III. Statement of Claim

Employment Discrimination Complaint against Keolis Commuter Railroad Services.

This complaint is being filed as a result **Title VII of the Civil Rights Act of the 1964 Age Discrimination in Employment Act (ADEA). Race, Color and Sex. Intentional Discrimination.Unlawful Employment Practice, Sec.2000e-2. [Section 703] (a) Employer practices (1) (2). and] (k) (1) (A). (B)(l) and (l) (m) and (e) (1) (2)**

**SEC. 2000e-3.[Section 704] (a) Race/Color Discrimination & Harassment and Race/Color Discrimination & Work Situations and Harassment.**

**The Civil Rights Act of 1991 Sec. 2 Unlawful harassment and intentional discrimination in the workplace.**

**Segregation and Classification of Employees,  Harassment and Retaliation.  and**

Prohibited Employment Policy/Practice of discrimination under Title VII of the Civil Rights of 1964 due to my race, The discrimination was inflicted by Keolis Commuter Services, Transportation Department Managers Michael Rooks, Director North Station Operations and Scott Treece, Chief Transportation Officer.

The Prohibited Employment Policy/Practices and Unlawful Employment Practices, discrimination was inflicted on March 9, 2016. Incumbent Mary Mahoney retired.  Under union rules the position has to be advertised in the TCU craft bulletin, to be bid by all TCU union members interested in the vacant position.  The union person with the most seniority is awarded the position, I was the Senior Bidder with a seniority date of August 27, 1987.  On March 2, 2016 bulletin 09-2016 – TCU (see copy) was **issued,** with incumbent's position, Job Symbol: SEC-03. The vacant job is available for bidding until Tuesday, March 8, 2016, 12:00 PM.  (Members have 30 days to qualify) union rule.

On, March 9, 2016, bulletin 10-2016-TCU was **issued**.  Declaring, "Effective March 16, 2016, unless otherwise indicate. The following position(s) advertised in **TCU Bulletin 09-2016-TCU has been awarded to SEC-03 D. Lock Perm."**  Michael Rooks, Director North Station Operations via another person (see email) had him contacted the Bulletin Assignment person, and CANCELLED the award. This Prohibited Practice was instituted after I was awarded the position due to my Race/Color and Age. I am an African American Female, and was 52 years old at that time.

On March 29, 2016 Michael Rooks, cancelled the position permanently, Bulletin 13-2016 TCU. Refused to allow the award to stand.

On April 5, 2016, Bulletin 14-2016, Michael Rooks and Scott Treece abolished the position entirely. This is a violation of **Title VII of the Civil Rights Act of 1964, Unlawful Employment Practice, SEC.2000e-2.** [Section 703] (a)(1) and (2). Mr. Rooks willfully deprived me of an employment opportunity due to my Race, Color and Age.  The incumbent who retired Mary Mahoney was a Caucasian female.

This act violated **Title VII of the Civil Rights Act of 1964, Unlawful Employment Practice, SEC.2000e-2.** [Section 703] (k) (1) (A) (i),  (B) (i) and

(m)

The Keolis Transportation Department has the exact same position at South Station, Rhonda Lanyon, is the incumbent and Caucasian. The position awarded to me and cancelled and abolished is for North Station. Rhonda Lanyon who is Caucasian, has the exact same position, and her position has not been abolished or turned into a PAD position. **Race, color and age, certainly is why I was deprived of the job assignment as well as my age and the motivating factors for this unlawful employment practice. Violating, Title VII of the Civil Rights Act of 1964, Unlawful Employment Practice, SEC.2000e-2. (m). I have 28 ½ year of service.**

Scott Treece and Michael Rooks, on, June 16, 2016 converted the position PAD. This employment policy or practice has a negative impact on minorities because the managers now can maneuver a person of his preference into the position. It has a negative impact on the employment opportunity available by seniority it is method the Managers use to Prohibited Employment opportunities to minorities who have high seniority. To apply you must submit a resume and be interviewed by one or both, Mr. Rooks or Mr. Treece. This allow Preference of the Race, Color and Age. This practice was designed to deprive me of acquiring the position by bidding and having my seniority prevail, a disparate impact, due to the fact that Mr. Rooks and Mr. Treece will select another person of preference not color. The Caucasian female (Rhonda Lanyon) working at South Station, in the exact same job, has not been impacted by any of these Unlawful Employment Practice or Prohibited Employment practices. I have been deprived, discriminate against, disproportionately, because of my Race, Color, and Age. I have 28 1/2 years of service the standard is to bid, no one had out bid me nor would displace me; I was protected with my senior.

**The barrier used to impede my rightful employment opportunity has to be eliminated. It impedes free and open competition in the workplace. The managers if they do not like the individuals whom, bid and is awarded a position can abolish, re-advertise hold interview and discriminatorily select who they desire. At the time of this discriminatory practice there was no African American females or males in this position. And at the time of this filing it remains unchanged. This barrier was instituted to uphold this discriminatory practice. This practice is prevalent and used as barrier to to eliminate "Equal Employment Opportunity." Minority males and females are deterred from participating in this process. The method used is illegal and used to exclude and segregate minorities that apply, the managers are the determinant factor and are white males it allows them to select a white female, this is the normal history of the person selected to hold these jobs.** I plead for the court to enforce punitive damages for intentional discrimination and unlawful employment practices. And adhered to compliance under Title VII of the Civil Rights Act of 1964 and to eradicate the use of unlawful employment practices that allows discrimination, and that deprives individuals of the Rights.

Donna J. Lock

**II.  A. If the Basis for Jurisdiction Is a Federal Question:**

**Title VII of the Civil Rights Act of the 1964 Age Discrimination in Employment Act (ADEA). Race, Color and Sex.  Intentional Discrimination.**

**Unlawful Employment Practice, Sec.2000e-2. [Section 703] (a) Employer practices (1) (2). and] (k) (1) (A).  (B)(l) and (I)**

**(m) and (e) (1) (2)**

**SEC. 2000e-3.[Section 704] (a)**

**Race/Color Discrimination & Harassment and Race/Color Discrimination & Work Situations and Harassment.**

**The Civil Rights Act of 1991 Sec. 2 Unlawful harassment and intentional discrimination in the workplace.**

**Segregation and Classification of Employees Harassment and Retaliation and**

**III.  Statement of Claim ------See Attachment 1 of 2 pages.**


**IV.  Relief:**

**I would like Management Program Accountability, A model Title VII and Rehabilitation Act program that will hold managers, supervisors, EEO officials and personnel in upper Human Resources accountable for not abiding by Federal law.  Conduct regular internal audits on at least an annual basis, to assess the effectiveness and efficiency of the Title VII and Rehabilitation Act Programs. Evaluate managers and supervisors on efforts to ensure equality of opportunity for all employees.  Maintain clearly defined, well-communicated, consistently applied fairly implemented personnel policies, in selection and promotion procedures, evaluation procedures, and rules of conduct. Enforce**

**Proactive Prevention of Unlawful Discrimination: Have an ongoing obligation to prevent discrimination on the bases of race, color, national religion, sex age, reprisal and disability. To implore adequate training for the company to meet the obligation under Title VII.  The organization lacks adequate training, inquire about the training and it is will**

show none for the entire company, which shows they are non-complaint with the federal laws governing Title VII of the Civil Rights Act of 1964, Employment Discrimination and Age Discrimination, especially regarding Woman and are oppose to woman of color being in the forefront.  The culture in this company has long been and still is were white men are running and deciding procedures.

The barrier used to impede my rightful employment opportunity has to be eliminated. It impedes free and open competition in the workplace. The managers if they do not like the individuals whom, bid and is awarded a position can abolish, re-advertise hold interview and discriminatorily select who they desire.  At the time of this discriminatory practice there was no African American females or males in this position.  And at the time of this filing it remains unchanged.  This barrier was instituted to uphold this discriminatory practice.  This practice is prevalent and used as barrier to to eliminate "Equal Employment Opportunity." Minority males and females are deterred from participating in this process.   The method used is illegal and used to exclude and segregate minorities that apply, the managers are the determinant factor and are white males it allows them to select a white female, this is the normal history of the person selected to hold these jobs.

 Punitive damages I would prefer that the court determines and considered punishment at its discretion as the court should find the defendant's behavior found to be especially unlawful and harmful.  Additionally, the process that is established and is a tool used to discriminate which Mr. Rooks and Mr. Treece instituted and used to discriminate must be abolished it is a discriminatory practice used against minorities.

Donna J. Lock